UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 04-21448-CIV-GOLD (and consolidated cases)

MICCOSUKEE TRIBE OF INDIANS
OF FLORIDA, a federally-recognized
Indian Tribe; and FRIENDS OF THE
EVERGLADES,

      Plaintiffs,

v.

UNITED STATES OF AMERICA, *et al*.,

      Defendants.

_____/

**OMNIBUS ORDER DENYING DEFENDANTS'
MOTION REQUESTING LEAVE TO SUBSTITUTE
THE APPEARANCE OF THE ASSISTANT ADMINISTRATOR
FOR WATER FOR THE APPEARANCE OF THE ADMINISTRATOR AT THE
OCTOBER 7 HEARING [ECF No. 460]; DENYING ORE TENUS MOTION TO STAY**

**I.    Introduction**

THIS CAUSE is before the Court on Defendants United States of America, United

States Environmental Protection Agency ("EPA"), the Administrator of the EPA, and the

Regional Administrator of the EPA, Region IV's (collectively "EPA" or "Defendants") Motion

Requesting Leave to Substitute the Appearance of the Assistant Administrator for Water

for the Appearance of the Administrator at the October 7 Hearing **[ECF No. 460]**

("Motion").  Plaintiff Friends of the Everglades ("Friends") filed a Response to Defendant's

Motion **[ECF No. 465]** ("Response"), and Defendants filed a Reply in Further Support of

its Motion **[ECF No. 473]** ("Reply").  I have jurisdiction pursuant to the Clean Water Act

("CWA"), 33 U.S.C. 1§ 1251, *et seq*., and the federal Administrative Procedures Act

("APA"), 5 U.S.C. § 701, *et seq*.  A telephonic status conference on this matter was held

1

on September 17, 2010, wherein Defendants made an *ore tenus* motion for a stay pending appeal of the order requiring the administrator to appear.  Having considered the Motion, record, relevant submissions, and applicable law, I DENY both the Motion and the *ore tenus* motion for the reasons set forth below.

## II.    Factual background

This is a consolidated case brought by Plaintiffs Miccosukee Tribe of Indians of Florida ("Miccosukee Tribe") and Friends of the Everglades ("Friends") against Defendants. On December 14, 2005, Friends filed its Second Amended Complaint, alleging, *inter alia*, that the EPA Administrator (then Michael Leavitt) acted arbitrarily, capriciously and contrary to the Administrator's duties under Section 303(a)(1) of the CWA in determining that the 2003 Amendments to the State of Florida's Everglades Forever Act did not constitute a change in Florida water quality standards.  **[ECF No. 113 ¶ 34]**.  Friends further alleged that the Administrator acted arbitrarily and capriciously, under the APA and in violation of the CWA, by approving the State of Florida's "Phosphorous Rule."  *Id*.

On July 29, 2008, I entered an Order Granting Summary Judgment; Closing Case. **[ECF No. 323]**.   On November 5, 2009, Plaintiffs filed a Corrected Motion for Civil Contempt to Compel Compliance with the Court's Order due to Defendants' failure to comply with the July 29, 2008 Order.  **[ECF No. 357]**.  On December 15, 2009, Plaintiffs a Motion to Compel State and Federal Defendants to Comply with the Court's Order Related to Discharge Permits and for Contempt based on Defendants failure to comply with the 2008 Order.  **[ECF No. 364]**.

On December 3, 2009, the EPA issued a Determination disapproving the EFA Amendments and portions of the Phosphorus Rule as new or revised water quality

standards.  **[ECF No. 360-1]**.  Subsequently, I held a two-day evidentiary hearing on January 13, 2010 and April 5, 2010.  **[ECF No. 404, p. 2]**.  On April 14, 2010, I issued an Order Granting Plaintiffs' Motions In Part; Granting Equitable Relief; Requiring Parties to Take Action By Dates Certain.  *Id*.  This Order remanded to the EPA with direction to issue an "Amended Determination."  *Id*. at 44.  I ordered that the Amended Determination establish "**specific milestones**" providing "**an enforceable framework for ensuring compliance** with the CWA."  *Id*. at 45 ¶ 2 (emphasis in original).  I ordered the EPA Administrator, EPA Regional Administrator for Region IV, and Secretary of the Florida Department of Environmental Protection ("FDEP") to "personally appear before this Court on **Thursday, October 7, 2010 at 9:00 a.m.** to report to the Court on compliance with [the April 14, 2010] Order."  *Id*. at 47 ¶ 7 (emphasis in original); **[ECF No. 408]**.  I fully reserved the Court's contempt powers in the event full compliance was not met consistent with the Order.  **[ECF No. 404, p. 47 ¶ 10]**.

On September 3, 2010, Defendants filed their Amended Determination.  **[ECF No. 458]**.  On September 14, 2010, I entered a *sua sponte* order, directing the EPA to fully address "how the specific milestones set forth in the EPA's Amended Determination are directly linked to a meaningful financing plan to accomplish the necessary land acquisition and the construction to meet the deadlines imposed. . . . and how does the EPA intend to enforce its requirements?"  **[ECF No. 470]**.  *Id*. at 2.

On September 17, 2010, during the telephonic status conference on Defendants' instant Motion to Substitute, Defendants made an *ore tenus* motion for a stay pending appeal of the order requiring the administrator to appear, which I denied.  *See* **[ECF No. 479, 6:6-13]**.

### III.    Legal standard

A court has the power to enforce its orders.  *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991) (citing *Shillitani v. United States*, 384 U.S. 364 (1966)).  Compliance with a court's order is mandatory.  *Mercer v. Mitchell*, 908 F.2d 763, 787 (11th Cir. 1990).  In devising a remedy to enforce its orders, a court faces "the difficult task of avoiding both remedies that may be too intrusive . . . and those that may prove ineffectual."  *N.A.A.C. v. Sec'y Hous. & Urban Deve.*, 817 F.2d 149, 159 (1st Cir. 1987), *superseded on other grounds by statute as stated in Lihosit v. Jackson*, 2006 U.S. Dist. LEXIS 94835 (S.D. Cal. Aug. 11, 2006).

### IV.    Jurisdiction

A federal court must always determine whether it has jurisdiction to hear a case. *See, e.g., Arbaugh v. Y & H Corp.*, 546 U.S. 500, 507 (2006); *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005) ("Indeed, it is well-settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.").  As such, even when there is no dispute between the parties with respect to jurisdiction, federal courts have an independent duty to ensure that subject-matter jurisdiction exists.

In the instant case, I exercise jurisdiction through equitable and inherent powers under the Clean Water Act, 33 U.S.C. 1§ 1251, *et seq*., and the federal Administrative Procedures Act, 5 U.S.C. § 701, *et seq*.  *See also Weinberger v. Romero-Barcelo*, 456 U.S. 305 (1983) ("read[ing] the [Clean Water Act] as permitting the exercise of a court's equitable discretion, whether the source of pollution is a private party or a federal agency, to order relief that will achieve *compliance* with the Act.") (emphasis in original).

## V.    Analysis

Defendants move to substitute the appearance of the EPA Assistant Administrator for Water, Peter Silva, for the appearance of the EPA Administrator at the October 7, 2010 hearing.  Defendants contend that Mr. Silva is the EPA official with overall responsibility for EPA's Clean Water Act programs, has been involved in EPA's actions with regards to the Everglades, including preparation of the Amended Determination, and plays a key leadership role and has detailed knowledge of EPA's water programs and Everglades activities.  **[ECF No. 460, p. 5]**.  Defendants also note that "[f]urthermore, the demands of the Administrator's schedule, including travel to Asia as part of an official government delegation beginning October 8, would create a hardship for her to prepare for and attend the hearing on October 7." *Id*.

As Defendants acknowledge in the very first sentence of their motion, the EPA Administrator was ordered to appear at the October 7, 2010 hearing by an order dated April 14, 2010.  *See* **[ECF No. 460, p. 1; ECF No. 404]**.  Despite knowing for approximately five months that the EPA Administrator was ordered to appear at the hearing, Defendants now move — one month prior to the October 7, 2010 hearing — for a substitution of appearance.

As set forth in the April 14, 2010 Order, I specifically retained jurisdiction to enforce the Order.  *See* **[ECF No. 404, p. 44]** ("I am prepared, however, to take such additional steps as necessary — and retain jurisdiction to do so — in the event the EPA and the FDEP again fail to act in accordance with the Summary Judgment Order and this Order.") Further, Defendants were well aware of the consequences of failing to comply with the Order:

"The Defendants are hereby placed on notice that failure to comply with the terms of this Order will not be tolerated, and that in the event of such a failure, the Court will promptly issue an Order to Show Cause why the EPA and FDEP Administrators should not be held in civil contempt and subjected to appropriate sanctions."  *Id*. at 47.

Mr. Silva's availability does not preclude substituting his attendance for that of the EPA Director.  As stated during the September 17, 2010 telephonic status conference, Mr. Silva is certainly encouraged to attend the hearing—but may not do so in lieu of the EPA Director's obligation to comply with the Court's prior Order.   Accordingly, Defendants' request at this juncture to substitute Mr. Silva, EPA Assistant Administrator for Water, for the Administrator is in direct violation of the April 14, 2010 Order and unacceptable.

Notwithstanding the ample notice and time to prepare for the hearings, the three cases[1] cited by Defendants are factually distinguishable from the instant circumstances and do not warrant substitution.  *See, e.g.*, *In re United States*, 985 F.2d 510, 511 (11th Cir. Fla. 1993) (criminal defendants indicted for introducing unapproved and misbranded drug products into interstate commerce subpoenaed Food and Drug Administration ("FDA") Commissioner in support of argument that FDA failed to prosecute others similarly situated); *Simplex Time Recorder Co. v. Secretary of Labor*, 766 F.2d 575, 586 (D.C. Cir. 1985) (administrative law judge struck from party's witness list four Department of Labor officials because "any testimony which these officials might provide would be irrelevant since they had no first-hand knowledge of the facts of this case" and "their testimony on OSHA and Administration policies was unnecessary and unduly burdensome as such policies were available from various publications."); *In re Cheney*, 544 F.3d 311, 314 (D.C.

---

[1] One reference cites *United States v. Morgan*, 313 U.S. 409, 422 (1941) (proceeding before Secretary of Agriculture "has a quality resembling that of a judicial proceeding" and mental processes of Secretary should not be probed), which is also distinguishable from the instant case.

Cir. 2008) (Vice President's Chief of Staff was not required to submit to deposition because he "ha[d] no apparent involvement in this litigation").

Defendants' cited cases all involve circumstances in which a party—not the Court—called upon a government official to provide testimony.   In this case, the EPA Director, a named party to this action, is not being subpoenaed for a deposition or called as a witness for a trial.   Rather, the EPA Director has been directly ordered by this Court to attend a hearing concerning compliance with an Order specifically directed to the EPA Director and Defendants.

More importantly, this case is dissimilar from Defendants' cited authorities because it presents extraordinary circumstances and a special requirement for the Administrator's attendance at the hearing.   A review of the lengthy record in this case reveals the significant need for Defendants to present the Administrator, Regional Administrator, and FDEP Secretary at a hearing to ensure that Defendants are complying with the previously-issued orders.   As demonstrated by the record, Defendants have not complied with the orders, and therefore, it is necessary for the Administrator, Regional Administrator, and FDEP Secretary to personally appear and report to the Court on their compliance efforts, as outlined in the April 14, 2010 Order.

This Court has a right to pose direct questions to Defendants regarding whether the strategies outlined in the Amended Determination are a sincere commitment or merely an empty shell, as set forth in the September 13, 2010 *sua sponte* order.   **[ECF No. 470]**. Defendants have had ample time, nearly half a year, to prepare and make arrangements for attendance at the October 7, 2010 hearing.   While I am mindful of the parties'

schedules, I underscore the significant nature of the issues in this case and the pressing need to comply with the Court's prior orders.

In sum, Defendants have not demonstrated any showing of a matter of national importance, issue, or great significance to preclude the EPA Administrator—a named party—from attending the hearing.  Rather, as recognized by all parties, protection of the Everglades is of considerable national importance.  The Court's findings regarding the past actions of all Defendants, including the EPA, reveal how this litigation has continually persisted over the course of years.  The Court must be able to make an intelligent inquiry regarding the EPA's position and policy matters, to be addressed by the EPA Administrator.

As outlined by lengthy opinions in the record,[2] this case has a long history of extraordinary circumstances demonstrating a very special need for compliance with this Court's orders.  The issue of the protection of the Everglades is one of national importance, as recognized by Congress, the State of Florida, and the EPA itself.  It is time now for the important and direct discussions on how to implement procedures to address the severe and persistent problems facing the Everglades.

## VI.   Conclusion

Based on the foregoing, it is hereby ORDERED AND ADJUDGED that:

1.   Defendants' Motion Requesting Leave to Substitute the Appearance of the Assistant Administrator for Water for the Appearance of the Administrator at the October 7 Hearing **[ECF No. 460]** is DENIED.

---

[2] *See, e.g.*, **[ECF No. 323]** (Order Granting Summary Judgment; Closing Case) and **[ECF No. 404]** (Order Granting Plaintiffs' Motions In Part; Granting Equitable Relief: Requiring Parties to Take Action By Dates Certain).

2.      Defendants' *ore tenus* motion for a stay pending appeal of the order requiring the administrator to appear is DENIED.

3.      The parties are ORDERED to carefully review my April 14, 2010 Order Granting Plaintiffs' Motions In Part; Granting Equitable Relief; Requiring Parties to Take Action By Dates Certain **[ECF No. 404]** and September 13, 2010 *Sua Sponte* Order **[ECF No. 470]** and comply forthwith.

DONE AND ORDERED in at Miami, Florida, this 21st day of September, 2010.


_____
THE HONORABLE ALAN S. GOLD
UNITED STATES DISTRICT JUDGE


cc:     U.S. Magistrate Judge Chris M. McAliley
        Counsel of record